Benjamin F. Miller v. Commissioner.
Miller v. Commissioner
Docket No. 3069.
United States Tax Court
1946 Tax Ct. Memo LEXIS 259; 5 T.C.M. (CCH) 104; T.C.M. (RIA) 46045; February 19, 1946
HARRON Decision HARRON, Judge: Pursuant to the stipulation of the parties to this proceeding filed with the Court on February 18, 1946, it is ORDERED and DECIDED: That there are no deficiencies in income tax for the years 1937, 1938, 1939, and 1940; and that there are overpayments in income tax for the years 1937, 1938, 1939, and 1940 in the respective amounts of $625.02, $5,185.87, $4,638.61, and $9,490.21, which overpayments were paid after the mailing of the deficiency notice (Section *260 809 (a) of the Revenue Act of 1938 and Section 322 (d) of the Internal Revenue Code, as amended by Section 169 (b) of the Revenue Act of 1942). Memorandum Sur Decision HARRON, Judge: This proceeding has been returned to the jurisdiction of the Tax Court under a mandate of the United States Circuit Court of Appeals for the Sixth Circuit, dated April 10, 1945, which was filed in this Court on April 12, 1945 [3 TCM 335]. The mandate states that the Circuit Court entered an order on April 3, 1945, to remand the case to the Tax Court for the consideration only of the question of taxability of certain income of trusts produced by securities given to the trusts by the father of the taxpayer. The Tax Court complied with the order and the mandate of the Circuit Court by entry of Supplemental Memorandum Findings of Fact and Opinion, entered on November 5, 1945 [4 TCM 994]. It was stated in the supplemental report that decision would be entered under Rule 50. Subsequent to the return of this proceeding to the Tax Court under the Circuit Court's mandate, the parties entered into negotiations for settlement of the case out of court. The *261 negotiations have extended over several months. During this interval the respondent filed with this Court on December 4, 1945 a recomputation of the petitioner's income tax liability for entry of decision under Rule 50. On February 18, 1946, the parties filed a stipulation, upon the basis of which the Tax Court is requested to enter a decision in accordance with the stipulation. The respondent has now agreed that the income of three trusts which were created by petitioner on September 28, 1937 is not taxable to petitioner for the years 1937, 1938, 1939 and 1940. The effect of respondent's stipulation is that there are no deficiencies in income tax for the taxable years, and to expunge the deficiency in income tax in each of the taxable years resulting from the decision of the Tax Court which was entered on April 10, 1944 which was affirmed by the Circuit Court of Appeals for the Sixth Circuit. The respondent now recedes from the position which he took in his original determination of deficiencies and in his recomputation of the deficiencies which he filed with the Tax Court on December 4, 1945. The Tax Court has complied with the mandate of the Circuit Court of Appeals for the *262 Sixth Circuit, having considered and decided the question it was directed to consider and decide. A decision has not been entered under the Supplemental Memorandum Findings of Fact and Opinion which was entered on November 5, 1945. Since the respondent now recedes from the original position which he took in determining deficiencies in income tax for the taxable years, and since there is still open the matter of entering a new decision, the decision of the Tax Court is now entered in accordance with the request of the parties as set forth in the stipulation which the parties filed on February 18, 1946, rather than pursuant to the holdings made in the Memorandum Findings of Fact and Opinion entered on April 11, 1944 [3 TCM 335], and the Supplemental Memorandum Findings of Fact and Opinion entered on November 5, 1945 [4 TCM 994]. The stipulation filed by the parties is a stipulation in settlement of the case.